A decree will be entered in favor of the defendants.

*Decree for defendants.*

RICHARDS and LLOYD, JJ., concur.

RICHARDS, WILLIAMS and LLOYD, JJ., of the Sixth Appellate District, sitting in place of WASHBURN, FUNK and PARDEE, JJ., of the Ninth Appellate District.

LANGEL *v.* MOORE, ASSIGNEE.

(Decided March 3, 1928.)

*Messrs. Fitzgibbon, Montgomery & Black,* for plaintiff in error.

*Messrs. Flory & Flory* and *Mr. Eugene Moore,* for defendant in error.

HOUCK, J.   This cause originated in the probate court of Licking county, and was appealed from that court to the common pleas court, and error is here prosecuted, seeking a reversal of the judgment entered in both of the lower courts, which judgment was against Anna Langel, the plaintiff in error.

Frank Langel made a deed of assignment conveying his personal property and real estate to one Eugene Moore, the defendant in error herein.   At the time of said deed of assignment to Moore, the Pataskala Banking Company had a mortgage upon the real estate of the assignor, also a chattel mortgage upon his personal property.

Anna Langel, the plaintiff in error here, the mother of the assignor, had a judgment and lien in the sum of $4,000 upon the real estate of the assignor, which judgment and lien were taken two days before the date of the deed of assignment.

The said Anna Langel now seeks to compel the assignee to pay the debt of the Pataskala Banking Company out of the proceeds of the sale of the personal property, thus leaving the proceeds of the sale of the real estate to be applied to her claim.

354

The right to compel a marshaling for the benefit of Anna Langel is contested by the general creditors through the assignee, because the application of the proceeds of the sale of the personal property to the claim of the Pataskala Banking Company would prevent the general creditors from realizing any amount on their claims.

Under these facts the sole and only question presented for determination by this court is whether or not Anna Langel, the plaintiff in error, who has only one security, to wit, her judgment on the land, can compel the assignee to apply the money realized from the sale of the chattel incumbered property to the claim of the Pataskala Banking Company, which has two funds to secure its indebtedness.

The general rule as to the marshaling of liens, as laid down by our Ohio Supreme Court in the case of *Piatt* v. *St. Clair's Heirs,* 6 Ohio, 227, 228, is:

"When one has a lien upon two funds, and another a posterior lien upon only one of them, the one having both liens will be compelled first to exhaust the subject of his exclusive lien, and permitted only to resort to the other for the deficiency."

While this is the general rule, and is applicable as between the two parties to such liens, yet, where the interests of intervening third parties are involved, this is not the fixed rule.

In the instant case, as between the Pataskala Banking Company and Anna Langel, the claim of Anna Langel would be sound; but it will be observed, under the facts, that there are third parties in interest involved in this case, namely, general creditors.

It will further be observed that, while Anna Lan-

gel took judgment and issued an execution and levied upon the real estate of the assignor before the assignment, she made no levy or created. any lien upon the personal property covered by the chattel mortgage of the Pataskala Banking Company. Therefore, as to the chattel property, having made no levy upon it, she has no greater interest in. such chattel property than the general creditors.

As already stated, if the question of priority of liens was simply between the Pataskala Banking Company and Anna Langel, then, of course, the claim of Anna Langel would be sound in law; but we find it to be otherwise under the facts before us, because there are general.creditors, whose rights, in law and equity, must be protected as against prop-. erty in which Anna Langel has not and does not claim any preferential rights by reason of any lien she may have thereon, being the personal property upon which the Pataskala Banking Company holds a chattel mortgage.

We are borne out in the reasoning and conclusion herein by our Supreme Court in the opinion of Judge Caldwell in the case of *Green* v. *Ramage,* 18 Ohio, 428, 429, 51 Am. Dec., 458, where the learned judge says:

"If there were but the two mortgages on the property, Wilson's and Green's, Green would without doubt be entitled to the relief which he claims. In Story's Equity, vol. 1, Sec. 633, the rule on the subject of marshaling securities is stated thus: 'The general principle is, that if one party has a lien on, or interest in two funds for a debt, and another party has a lien on, or interest in one only of the funds for another debt,' the latter has a right in

equity to compel the former to resort to the other fund, in the first instance, for satisfaction, if that course is necessary for the satisfaction of the claims of both the parties.'

"In this case, however, there are three parties interested. If Green should compel Wilson to exhaust lot 39 before he comes on lot 14, then Green will have the benefit of the fund arising from lot 39; although he took no security on it. But Hillier by this arrangement will be deprived entirely of his security on lot 39, although he took a mortgage on it. We think the rule cannot be applied in a case of this kind. The principle is one established for the purpose of securing to parties the rights to which, upon the principles of natural justice, they are entitled. To deprive Hillier of his security in this way, would be manifestly unjust."

Learned counsel for plaintiff in error rely upon the case of *Sayler* v. *Simpson,* 45 Ohio St., 141, 12 N. E., 181. We have examined the rule of law laid down in that case and are unable to reach the same conclusion counsel insist upon, because the facts in the two cases are not similar, and, therefore, the case relied upon is not in point and has no bearing upon the case at bar.

It is clear to us that under the facts and the application of the law to them as herein laid down, as between Anna Langel and the general creditors, she is but a general creditor on the fund arising from the sale of the mortgaged chattel property, and, after exhausting her rights on the real estate, if any balance remains, she then becomes a general creditor in and to the fund arising from the sale of the

chattel property, and stands only upon an equal basis with the other general creditors.

The court is of the opinion, upon the whole case before it, that there is no error in the record to the prejudice of the plaintiff in error, and that the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

SHIELDS and LEMERT, JJ., concur.